UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLEN DALE SPIVEY,

    Applicant,

v.                                                         CASE NO. 8:13-cv-767-SDM-CPT

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Spivey applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Docs. 1, 46) and challenges his convictions for aggravated assault, battery, battery on a law enforcement officer, depriving a law enforcement officer of communication, and obstructing a law enforcement officer with violence. Spivey is imprisoned for thirty years. The respondent initially conceded that the application "appear[ed] to be timely." (Doc. 66 at 6) A later order directs the parties to file supplemental briefing on the application's timeliness. (Doc. 95) In response the respondent correctly argues that the application is time-barred.[1] (Doc. 96)

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[1] An erroneous "concession of timeliness by the state . . . does not compromise the authority of a district court *sua sponte* to dismiss a habeas petition as untimely." *Day v. Crosby*, 391 F.3d 1192, 1195 (11th Cir. 2004).

court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Spivey's convictions became final on October 5, 2001.[2] Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claims one year later. Spivey let 158 days elapse before he filed a petition alleging ineffective assistance of appellate counsel on March 13, 2002. (Respondent's Exhibit 13) The limitation remained tolled until October 14, 2002, when the appellate court declined to rehear the denial of Spivey's petition. (Respondent's Exhibits 14, 15)

Before the state habeas proceedings concluded, Spivey filed a motion for post-conviction relief on May 3, 2002. (Respondent's Exhibit 16) The post-conviction court denied the motion, the appellate court affirmed, and the limitation remained tolled until June 2, 2005, when the mandate issued. (Respondent's Exhibits 21, 22, 23) Spivey had 207 days remaining (365 – 158 = 207). Therefore, the federal deadline was December 27, 2005. Spivey dated his federal application March 22, 2013, several years late. (Doc. 1 at 15)

---

[2] The trial court entered judgment on September 5, 2001. (Respondent's Exhibit 11, Attachment A) Because Spivey did not appeal, the convictions became final thirty days later. *See Baca v. State*, 313 So. 3d 1177, 1178 (Fla. 1st DCA 2021) ("No appeal was filed, so Petitioner's judgment and sentence became final 30 days later.").

Before the limitation expired, Spivey filed two additional motions for post-conviction relief. (Respondent's Exhibits 24, 25) Those filings afforded Spivey no tolling because the post-conviction court denied the motions as untimely under Florida law. (Respondent's Exhibit 26) "An untimely state petition is not 'properly filed' and cannot toll the federal limitation period." *Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1311 (11th Cir. 2011). Because the successive motions for post-conviction relief failed to toll the limitation, Spivey's one-year deadline to file his federal petition remained December 27, 2005.[3]

On March 18, 2009, the trial court entered an amended judgment that removed the "violent career criminal" designation from two counts. (Respondent's Exhibit 37) This modification did not affect the limitation. The amended judgment was entered *nunc pro tunc* to the date of the original judgment. (Respondent's Exhibit 37) Consequently, the amended judgment was not a "new judgment" and did not reset the limitation period. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1267 (11th Cir. 2020) ("[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of [Section] 2244."); *see also Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1341 (11th Cir. 2024) (holding

---

[3] The post-conviction court alternatively reached the merits of some claims, but that alternative holding did not render the motions properly filed. "[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, [a federal district court] must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of [Section] 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006).

that petitioner's "amended sentences did not restart the federal statute of limitations" because the "state court checked the *nunc pro tunc* box on [the] amended sentences").

Spivey missed the federal deadline by several years. He neither argues for equitable tolling nor alleges that he is actually innocent. Accordingly, Spivey's application for the writ of habeas corpus (Docs. 1, 46) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Spivey and **CLOSE** this case.

**CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Spivey is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Spivey must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the application is clearly time-barred, Spivey is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Spivey must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 29, 2025.



STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE